Lynn Hubbard, III, SBN 69773
Scottlynn J Hubbard, IV, SBN 212970
**Disabled Advocacy Group, APLC**
12 Williamsburg Lane
Chico, CA. 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

G. Allen McNamee, SBN 195645
**In-N-Out Burgers**
4199 Campus Drive, 9th Floor
Irvine, CA 92612
Telephone: (949) 509-6241
Facsimile: (949) 509-6295

Attorney for Defendant
In-N-Out Burgers, A California Corporation

Jonathan S. Kitchen, SBN 80270
**Cox Castle & Nicholson LLP**
555 Montgomery Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 392-4200
Facsimile: (415) 392-4250

Attorney for Defendant
TKG Coffee Tree, L.P.

THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Wilson,<br><br>    Plaintiff,<br><br>    vs.<br><br>In-N-Out Burgers Inc. dba In-N-Out Burger #103, et al.,<br><br>    Defendants. | Case No. CIV.S 06-1538 DFL KJM<br><br>**JOINT STATUS REPORT** |

1  Pursuant to Fed. R. Civ. P. 26(f) and the Court's July 12, 2006 Order,
2  Plaintiff and Defendants hereby file this Joint Status Report.

### A. The Nature of the Case

Plaintiff, who is a disabled individual, has brought suit against defendants for violation of the Americans with Disabilities Act ("ADA") and various California statutes at the In-N-Out Burger and the property surrounding it located at 170 Nut Tree Parkway in Vacaville, California. Plaintiff contends the defendants are the owners, operators, lessors, and/or lessees of the In-N-Out Burger Restaurant.

Plaintiff seeks injunctive relief pursuant to California Civil Code §55 and the ADA. Plaintiff is also seeking monetary damages for each actual visit and incident of deterrence, pursuant to California Civil Code §54.3(a).

### B. Progress in the Service of Process

All defendants have been served with the Complaint.

### C. Possible Joinder of Additional Parties

Plaintiff does not anticipate joining any additional parties, but reserves the right to do so if the need arises.

### D. Any expected or Desired Amendments to the Pleadings

Plaintiff and Defendants do not anticipate amendments to the pleadings at this time, but reserve the right to do so if the need arises.

### E. Jurisdiction and Venue

#### 1. Jurisdiction

Plaintiff asserts jurisdiction is predicated upon 28 U.S.C. §§1331, 1343, and 1367.

#### 2. Venue

Plaintiff asserts venue in the U.S. District Court, Eastern District of California, under 28 U.S.C. §1391 (b) and (c).

### F. Anticipated Motions and the Scheduling of Motions

Plaintiff anticipates filing a motion for summary judgment within the next seven (7) month.

Defendant In-N-Out anticipates filing a motion for summary judgment or summary adjudication under a similar time frame.

### G. Anticipated Discovery and the Scheduling of Discovery

#### 1. Initial Disclosures and Discovery

(1) Plaintiff and Defendants do not request any changes in the timing, form, or requirement for disclosures under Rule 26(a). Plaintiff and Defendants anticipate providing disclosures under Rule 26(a)(1) within fourteen (14) days.

(2) Plaintiff needs discovery on all areas relevant to the ADA and California access laws, including, but not limited to:

- Construction, modification, design, alteration, or issuance of the Certificate of Occupation for the commercial facility with public accommodations that is the subject of this litigation.
- Financial records for the defendants.

Defendants will require discovery, without limitation, regarding the following areas: the nature of the injunctive relief demanded by plaintiff; the facts and circumstances surrounding plaintiff's visit(s) to the subject store; the alleged barrier encountered by plaintiff; the nature and extent of plaintiff's damages and the nature and amount of plaintiff's attorneys fees and costs.

Plaintiff and Defendant In-N-Out do not seek a timetable for discovery outside of the Court's Scheduling Order. Plaintiff and Defendants do not believe discovery should be conducted in phases or limited to particular issues.

(3) Plaintiff does seek to change the limitations imposed on discovery, aside from those under FRCP and local rule. Defendants do not

*Wilson v. In-N-Out Burger, et al.,* Case No. CIV.S 06-1538 DFL KJM
Joint Status Report

- 3 -

1 believe that any changes should be made pursuant to the limitations imposed on
2 discovery, aside from those under the F.R.C.P. or local rules.
3       (4)   Plaintiff proposes expert disclosures take place in January
4 2008, or at the convenience of the Court. Plaintiff requests that any expert
5 exchange be simultaneous between all parties sixty (60) days prior to the close
6 of discovery, with supplemental disclosures thirty (30) days later.
7       Defendants request that expert disclosures be made
8 consistent with F.R.C.P. 26(a), such that expert disclosures are due 90 days
9 before trial (or the day the case is to be ready for trial), and supplemental
10 disclosures are due no later than 30 days before trial.

11 **H.   Future Proceedings, including Setting Appropriate Cut-off**
12 **Dates for Discovery, Law and Motion, and the Scheduling of Pretrial and**
13 **Trial Dates**

14       Plaintiff's Statement:
15       1.   Proposed Court Trial:                     December 2008;
16       2.   Final Pre-Trial Conference Date:          November 2008;
17       3.   Law & Motion Cut-off Date:                August 2008;
18       4.   Discovery Cut-off Date:                   March 2008;
19            a.   Discovery Motions:                   May 2008;
20       5.   Simultaneous Expert Disclosure:           January 2008;
21       6.   Supplemental Expert Disclosure:           February 2008.
22       Defendants Statement:
23       1.   Proposed Jury Trial                       December 2008;
24       2.   Final Pre-trial Conference Date           November 2008;
25       3.   Law & Motion Cut-off Date                 August 2008;
26       4.   Discovery Cut-off date                    March 2008
27            a.   Discovery Motions                    May 2008
28       5.   Simultaneous Expert Disclosure            September 2008

*Wilson v. In-N-Out Burger, et al.,* Case No. CIV.S 06-1538 DFL KJM
Joint Status Report

- 4 -

      6.      Supplemental Expert Disclosure      November 2008

### I. Appropriateness of Special Procedures

No special procedures are necessary at this time.

### J. Estimate of Trial Time

Plaintiff and Defendants estimate a court trial to last three (3) days and a jury trial to last five (5) days. Plaintiff does not request a jury trial.

Defendant In-N-Out requests a jury trial.

### K. Modification of Standard Pretrial Procedures Specified by the Rules due to the Relative Simplicity of Complexity of the Action

Plaintiff does not request a modification of the standard pretrial procedures at this time.

### L. Whether the Case is Related to any Other Case

This case is not related to any other cases pending in this district.

### M. Whether a Settlement Conference Should be Scheduled

Plaintiff and Defendants do not believe a settlement conference is warranted at this time.

### N. Any Other Matters that May Add to the Just and Expeditious Disposition of this Matter

Plaintiff and Defendants do not feel that VDRP will be beneficial at this time.

*Regarding the status conference, counsel for the parties make the following requests:*

1    Plaintiff's and Defendants counsel request to appear telephonically at the
2  status conference if held. Plaintiff's counsel can be reach at (530) 895-3252.
3  Defendant In-N-Out's counsel may be reached at (949) 509-6241. Defendant
4  TKG Coffee Tree, L.P.  can be reached at (425)262-5168.

Dated: September 22, 2006        DISABLED ADVOCACY GROUP, APLC


/S/ Lynn Hubbard, Esquire
LYNN HUBBARD, III
Attorney for Plaintiff

Dated: September 22, 2006        IN-N-OUT BURGERS


/S/ Allen McNamee, Esquire
G. ALLEN McNAMEE
Attorney for Defendant
IN-N-OUT BURGERS, A CALIFORNIA
CORPORATION

Dated: September 22, 2006        COX CASTLE & NICHOLSON LLP


/S/ Jonathan S. Kitchen, Esquire
JONATHAN S. KITCHEN
Attorney for Defendant
TKG COFFEE TREE, L.P.

*Wilson v. In-N-Out Burger, et al.,* Case No. CIV.S 06-1538 DFL KJM
Joint Status Report

- 6 -